UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WILLIAM FRIMPONG,

                        Plaintiff,

        -against-

1199SEIU UNITED HEALTHCARE WORKERS EAST,

                        Defendant.
------------------------------------------------------------------------X

**ANSWER**

Case No. 07 CV 7375 (JGK)

ECF CASE

        Defendant 1199SEIU United Healthcare Workers East ("1199SEIU" or "Union"), by and through its attorneys Levy Ratner, P.C., as and for its Answer to the Complaint states as follows:

**ANSWER**

        1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

        2.     Admits the allegations contained in paragraph 2 of the Complaint.

        3.     Denies the allegations contained in paragraph 3 of the Complaint.

        4.     Denies the allegations contained in paragraph 4 of the Complaint.

        5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, except avers that Plaintiff's employment with Bronx Lebanon Hospital began in or around 1989 was terminated by Bronx Lebanon Hospital effective December 8, 2003.

        6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, except admits that Plaintiff was employed by Bronx Lebanon Hospital as a housekeeper.

7. Denies the allegations contained in paragraph 7 of the Complaint, except admits that Plaintiff was suspended pending investigation in November, 2003, for physically attacking another employee.

8. Admits the allegations contained in paragraph 8 of the Complaint.

9. Denies the allegations contained in paragraph 9 of the Complaint, except admits that the employee who was physically attacked by Plaintiff received and served a five (5) day suspension, and admits that the other employee had less seniority then Plaintiff.

10. Admits the allegations contained in paragraph 10 of the Complaint, except avers that Joyce M. Wright is a Delegate, not the Union Organizer.

11. Denies the allegations contained in paragraph 11 of the Complaint, except admits that Plaintiff requested that the Union file a grievance challenging Bronx Lebanon Hospital's termination of his employment, and avers that the Union filed a grievance on behalf of Plaintiff.

12. Denies the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint, except admits that the Union processed a grievance on behalf of Plaintiff seeking his reinstatement, and avers that the Union's grievance was denied by Bronx Lebanon Hospital after a grievance meeting between the Hospital and the Union at which Plaintiff was present.

14. Admits the allegations contained in paragraph 14 of the Complaint, and avers that Plaintiff was provided with his right to appeal the Union's decision pursuant to the Union's Constitution first to the Chapter Hearing and Appeals Board, which consists of Delegates from Bronx Lebanon Hospital, and then to the Division Hearing & Appeals Board, which consists of Delegates from Hospitals in the Bronx and Westchester area. Defendant Union further avers that

both appeals bodies determined that the grievance should not proceed to arbitration and Plaintiff was informed of the decision not to pursue the matter to arbitration on or around June 16, 2005.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint, and avers that the Union does not provide any such benefits, nor is it required to do so.

18. Denies the allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. To the extent necessary, the Union denies all allegations in the Wherefore clause of the Complaint.

## **AFFIRMATIVE DEFENSES**

### *First Affirmative Defense*

Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendant Union under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 or any other statute.

### *Second Affirmative Defense*

Plaintiff has failed to exhaust internal contractual remedies available to him under the collective bargaining agreement and the Union's Constitution and is thus barred from maintaining this action against 1199SEIU.

### *Third Affirmative Defense*

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### *Fourth Affirmative Defense*

Plaintiff failed to exhaust his administrative remedies.

### *Fifth Affirmative Defense*

Defendant Union has satisfied is duty of fair representation owed to Plaintiff as Defendant Union engaged in no arbitrary, discriminatory or bad faith conduct with respect to Plaintiff.

### *Sixth Affirmative Defense*

Defendant Union is not the proper defendant with respect to Plaintiff's claim alleging that he was not provided with job counseling, assistance and training.

### *Seventh Affirmative Defense*

Defendant presently has insufficient knowledge or information upon which it can form a belief as to whether it may have additional, as yet unknown and unstated, affirmative defenses. Defendant Union reserves the right to amend its answer to assert such additional affirmative defenses in the event that discovery reveals that additional affirmative defenses are appropriate.

WHEREFORE, Defendant Union demands judgment dismissing the Complaint in its entirety and asks for its attorneys fees and costs of defending this action and such other and further relief as this Court deems just and proper.

Dated: August 27, 2007
   New York, New York

LEVY RATNER, P.C.

By:   /s/ David Slutsky
   David Slutsky (DS-7364)
   Attorney for Defendant 1199SEIU
   80 Eighth Avenue, 8th Floor
   New York, New York 10011
   (212) 627-8100

{Worldox Files\1199\021\04\07044449.DOC}