UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
WILLIAM FRIMPONG,

                                  Plaintiff,    Case No. 07 CV 7375 (JGK)

         -against-

1199SEIU UNITED HEALTHCARE WORKERS EAST,        **ECF CASE**

                              Defendant.
----------------------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION
# TO DISMISS THE COMPLAINT AND/OR FOR SUMMARY JUDGMENT


                                        **LEVY RATNER, P.C.**
                                        Attorneys for Defendants
                                        David Slutsky (DS-7364)
                                        80 Eighth Avenue, 8th Floor
                                        New York, New York 10011
                                        (212) 627-8100

On the Brief:
Micah Wissinger, Esq.

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

STATEMENT OF FACTS ....................................................................................................2

ARGUMENT .........................................................................................................................3

POINT I. STANDARD FOR GRANTING A MOTION TO DISMISS ...............................3

POINT II. PLAINTIFF'S DUTY OF FAIR REPRESENTATION CLAIM IS
    TIME BARRED BY THE APPLICABLE STATUE OF LIMITATIONS .....................4

POINT III. DEFENDANT IS NOT THE PROPER PARTY FROM WHICH TO
    SEEK RECOVERY FOR FAILURE TO PROVIDE JOB SEARCH AND
    TRAINING ASSISTANCE .............................................................................................5

CONCLUSION ......................................................................................................................7

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Advanced Cardiovascular System, Inc. v. Scimed Life System, Inc.*,
  988 F.2d 1157 (Fed. Cir. 1993)..................................................................................3

*DelCostello v. International Brotherhood of Teamsters*,
  462 U.S. 151, 103 S. Ct. 2281 (1983)........................................................................4

*H.J. Inc. v. Northwestern Bell Telegraph Co.*,
  492 U.S. 229, 109 S. Ct. 2893 (1989)........................................................................4

*King v. New York Telegraph Co.*,
  785 F.2d 31 (2d Cir. 1980).........................................................................................4

*Leeds v. Meltz,*,
  85 F.3d 51 (2d Cir. 1996)...........................................................................................4

*N.L.R.B. v. Amax Coal Co.*,
  453 U.S. 322, 101 S. Ct. 2789 (1981)........................................................................6

*Port Authority Of N.Y. & N.J. v. Arcadian Corp.*,
  189 F.3d 305 (3rd Cir. 1999) .....................................................................................3

*Powers v. Ostreicher*,
  824 F. Supp. 372 (S.D.N.Y. 1993) ............................................................................4

*Vaca v. Sipes*,
  386 U.S. 171 (1967)...................................................................................................4

*Waggoner v. Dallaire*,
  649 F.2d 1362 (9th Cir. 1981) ...................................................................................6

*Walker v. Columbia University*,
  756 F. Supp. 149 (S.D.N.Y. 1991) ............................................................................4

*White v. White Rose Food*,
  128 F.3d 110 (2d Cir. 1997).......................................................................................4

*Wright v. Ernst & Young, LLP*,
  152 F.3d 169 (2d Cir. 1998).......................................................................................4

## FEDERAL STATUTES

Fed. R. Civ. P. 12(b)(6)..................................................................................................3, 4

Fed. R. Civ. P. 56...........................................................................................................1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM FRIMPONG,

                              Plaintiff,

-against-

1199SEIU UNITED HEALTHCARE WORKERS EAST,

                              Defendant.
------------------------------------------------------------X

**ANSWER**

Case No. 07 CV 7375 (JGK)

ECF CASE

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT AND/OR FOR SUMMARY JUDGMENT

Defendant 1199SEIU United Healthcare Workers East ("1199SEIU" or "Union") moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and/or for summary judgment pursuant to Fed. R. Civ. P. 56, and submits this Memorandum of Law in Support of its motion to dismiss and/or for summary judgment.

### INTRODUCTION

Plaintiff, William Frimpong, a former employee of Bronx-Lebanon Hospital ("Hospital") alleges that the Union declined to pursue arbitration over a grievance concerning the Hospital's decision to terminate his employment, and that the Union did not provide assistance to Plaintiff in finding a new job. As discussed more fully below, the complaint must be dismissed because (1) it was filed well outside the applicable six (6) month statute of limitations and (2) to the extent that Plaintiff has a timely claim with respect to the Union's failure to provide him with job search assistance and training, such services and benefits are provided by the 1199SEIU/League Job Security Fund ("JSF") and the League/1199SEIU Training and Upgrading Fund ("TUF"),

which are separate legal entities whose actions cannot be imputed to the Defendant. For these reasons, the complaint should be dismissed in its entirety.

## STATEMENT OF FACTS[1]

Plaintiff was employed by the Hospital as a housekeeper from 1989 until December 8, 2003. at which time his employment was terminated for physically attacking another employee. (Complaint ¶5-8 ).

The Union filed a grievance challenging the Hospital's termination of Plaintiff's employment. (Morales Aff. ¶ 4). Pursuant to the collective bargaining agreement between the Union and the Employer ("CBA"), a grievance meeting was held on March 10, 2004, at which Plaintiff was present and was represented by the Union. (Morales Aff. ¶ 5). Following that meeting, the Hospital denied the Union's grievance based upon all the available facts. (Morales Aff. ¶ 6). The Union then made a determination that there was no likelihood of success at arbitration. (Morales Aff. ¶ 7).

Under the Union's Constitution a member has a right to appeal such a decision through an internal appeals process which can direct the union to proceed to arbitration. (Morales Aff. at Ex. C). The first level of appeal is through the Chapter Hearings and Appeals Board ("Chapter Board"), which is an internal appeal board consisting of delegates from the member's chapter. If the member is not satisfied with the outcome of the first level of appeal, he or she may appeal to the Division Hearings and Appeals Board ("Division Board") which is a higher-level appeal board consisting of delegates from the member's Division, a group of hospitals in a geographic area.

---

[1] The facts necessary to evaluate the claim regarding job search assistance and training are not presented here in the facts section but presented in the argument.

{Worldox Files\1199\021\04\07048456.DOC}    2

In accordance with the Union Constitution, Plaintiff was advised that an internal hearing before the Chapter Board would be conducted on January 12, 2005. (Morales Aff. ¶ 10) A hearing was conducted on January 12, 2005 at which Plaintiff was present and his case was heard. (Morales Aff. ¶ 11). The Chapter Board reviewed Plaintiff's case and affirmed the Union's decision to not arbitrate the claim. (Morales Aff. ¶ 12). Plaintiff appealed that decision to the Division Board. (Morales Aff. ¶ 14). A hearing was conducted on June 15, 2005 at which Plaintiff was present and his case was heard as a last-step appeal. (Morales Aff. ¶ 16). The Division Board upheld the Union and Chapter Board's decisions to not arbitrate Plaintiff's claim. (Morales Aff. ¶ 17). The Union's Constitution provides for no further review. (Morales Aff. ¶ 18).. The Plaintiff was informed by letter dated June 16, 2005 that a final decision had been made to not pursue the grievance to arbitration because there was "virtually no likelihood of succeeding at arbitration." (Morales Aff. at Ex. F).

## ARGUMENT

### POINT I.
### STANDARD FOR GRANTING A MOTION TO DISMISS

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a party's claim for relief. The purpose of the Rule is to allow courts to terminate lawsuits "that are fatally flawed in their legal premises and destined to fail, and spare those litigants the burdens of unnecessary pretrial and trial activity." Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc., 988 F.2d 1157, 1160 (Fed. Cir. 1993). *See also*, Port Auth. Of N.Y. & N.J. v. Arcadian Corp., 189 F.3d 305, 312 (3rd Cir. 1999)(rule designed to "screen out cases" where no remedy exists for the wrong alleged or where no relief could possibly be granted).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted where the pleadings make it clear that "no relief could be granted under any set of facts that could be proved consistent with the allegations." H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50, 109 S.Ct. 2893, 2906 (1989). While a district court must take all well-pleaded factual allegations as true and draw all reasonable inferences in a light most favorable to the Plaintiff, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz., 85 F.3d 51, 53 (2d Cir. 1996). To avoid dismissal, Plaintiff must allege facts that satisfy each element required for recovery under some actionable theory. Wright v. Ernst & Young, LLP, 152 F.3d 169, 173 (2d Cir. 1998).

If on a motion to dismiss pursuant to Rule 12(b)(6) matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56. See Fed. R. Civ. P. 12(b); Powers v. Ostreicher, 824 F. Supp. 372, 375 n.3 (S.D.N.Y. 1993).

## POINT II.
## PLAINTIFF'S DUTY OF FAIR REPRESENTATION CLAIM IS TIME BARRED BY THE APPLICABLE STATUE OF LIMITATIONS

An employee can sue a union that represents him for a breach of the Union's duty of fair representation ("DFR") when the Union's conduct towards that employee is arbitrary, discriminatory or in bad faith. Vaca v. Sipes, 386 U.S. 171, 193 (1967). It is well established that the statute of limitations for DFR claims is six (6) months. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169-72, 103 S.Ct. 2281, 2293-94 (1983); White v. White Rose Food, 128 F.3d 110, 113 (2d Cir. 1997); King v. New York Tel. Co., 785 F.2d 31, 33 (2d Cir. 1980). "The general rule in this circuit is that a cause of action accrues when 'the plaintiff could first have successfully maintained a suit based upon that cause of action." Walker v. Columbia Univ., 756 F.Supp. 149, 152 (S.D.N.Y. 1991).

Plaintiff was informed by letter dated June 16, 2005 that the grievance concerning the Hospital's termination of his employment would not proceed to arbitration, and that all internal appeals were exhausted. However, Plaintiff's complaint was not filed until July 20, 2007 -- twenty-five (25) months later. As the applicable statue of limitations is six (6) months, the DFR claim is time-barred.

Further, Plaintiff's claim that the Union failed to follow "The Union Manual Rules" and provide him with job training is also time barred. Plaintiff's claim of failure to provide job training or assistance is based upon the Union's role as exclusive collective bargaining representative. Therefore, the claim is a DFR claim subject to the six (6) month statute of limitations. Plaintiff states in his complaint that he secured new employment in October 2004. (Complaint ¶20). However, he did not file his complaint until July 20, 2007 -- approximately thirty-three (33) months later. As the applicable statue of limitations is six (6) months, the DFR claim is time barred.

### POINT III.
### DEFENDANT IS NOT THE PROPER PARTY FROM WHICH TO SEEK RECOVERY FOR FAILURE TO PROVIDE JOB SEARCH AND TRAINING ASSISTANCE

Assuming *arguendo* that the court does not construe Plaintiff's claim for failure to provide job search assistance and training as a DFR claim which is time barred, the claim must be dismissed because the Union is not the proper party from which to seek recovery.

The Union does not provide job training or job placement assistance benefits.[2] Rather, Union members have access to the JSF and TUF funds which provide assistance for training, skills upgrading, and loss of job benefits due to layoff. The JSF and TUF are created and administered by Taft-Hartley employee benefit welfare plans established in accordance with Section

---

[2] All facts regarding the JSF and TUF are found in the Metzger Affidavit.

186(c) of the Labor Management Relations Act of 1947. The JSF and TUF maintain principal places of business at 330 W. 42nd Street, New York, New York, 10036, whereas the Union's principle place of business is at 310 W. 42nd Street, New York, New York 10036. As multi-employer trusts, the JSF and TUF are entirely financed with contributions from contributing employers pursuant to various collective bargaining agreements with the Union and employers, or their bargaining agents, such as the League of Voluntary Hospitals and Homes of New York. Eligibility for assistance by the JSF and TUF is determined by the Board of Trustees of each fund consisting of an equal number of union and employer trustees. The trustees' administer the JSF and TUF according to each fund's separate trust agreement.

The United States Supreme Court has recognized the separate and independent status of the Union and its related benefit funds. N.L.R.B. v. Amax Coal Co., 453 U.S. 322, 334, 101 S.Ct. 2789, 2796 (1981) ("....welfare fund trustees are not 'representatives for the purposes of collective bargaining or the adjustment of grievances'...."); see also, Waggoner v. Dallaire, 649 F.2d 1362, 1368 (9th Cir. 1981) ("Trust authorities set up pursuant to Section 302 of the LMRA have long been held to constitute a distinct and independent entity separate from the union that negotiates the collective bargaining agreement establishing a trust.")

Even were Plaintiff eligible for assistance from the JSF and TUF funds, that eligibility decision is not made by the Union. Nowhere in the complaint does the Plaintiff state that he sought or made an application for benefits from the JSF or TUF. Nevertheless, even if he did make an application, the Union is not the proper party from which to seek a remedy regarding any claim that may exist for failure to properly disburse benefits from the JSF and TUF to the Plaintiff. The complaint, therefore, must be dismissed.

## CONCLUSION

For each and all of the foregoing reasons, Defendant's Motion to Dismiss the Complaint and/or for Summary Judgment should be granted and Plaintiff's claims against the Defendant should be dismissed in their entirety.

Dated: October 15, 2007
      New York, New York

                                          LEVY RATNER, P.C.

By:        /S/
     David M. Slutsky (DS7364)
     Attorneys for Union Defendants
     80 Eighth Avenue
     New York, New York 10011
     (212) 627-8100
     (212) 627-8182 (fax)

TO:   Arlen S. Yalkut, Esq.
       YALKUT & ISRAEL, ESQS.
       Attorney for Plaintiff
       Office & P.O. Address
       865-B Walton Avenue
       Bronx, NY 10451