```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM FRIMPONG,                               :
                                                :
                Plaintiff,                      :    Case No. 07 CV 7375 (JGK)
                                                :
        -against-                               :
                                                :    ECF CASE
                                                :
1199SEIU, UNITED HEALTHCARE                     :
WORKERS EAST                                    :
                                                :
                Defendants.                     :
------------------------------------------------------------X
```

## AFFIDAVIT OF AIDA L. MORALES

STATE OF NEW YORK     )
                      )ss.:
COUNTY OF NEW YORK    )

AIDA L. MORALES, Organizer for 1199SEIU United Healthcare Workers East ("1199SEIU" or "the Union") being duly sworn, deposes and affirms that the following statements are true, and those made upon information and belief she believes to be true, under penalties of perjury:

1. I am an organizer with the Defendant 1199SEIU. This affidavit is submitted in support of Defendant's motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and/or for summary judgment pursuant to Fed. R. Civ. P. 56.

2. Plaintiff William Frimpong was employed by Bronx-Lebanon Hospital ("Hospital" or "Employer") where he was represented by 1199SEIU for purposes of collective bargaining until his employment was terminated by the Hospital on December 8, 2003. The Collective

Bargaining Agreement ("CBA") between the Hospital and 1199SEIU is attached hereto as Exhibit A.

3. Plaintiff was suspended pending investigation and ultimately terminated for physically attacking another employee.

4. Pursuant to the CBA between the Hospital and the Employer, I filed a grievance challenging the Employer's decision to suspend Plaintiff pending investigation and ultimately the decision to terminate his employment.

5. A grievance hearing was conducted on March 10, 2004 at which the Union represented Plaintiff arguing for reinstatement of his employment with the Hospital.

6. The Employer sent me a letter dated March 11, 2004 denying the Union's grievance and stating that it would not reinstate Plaintiff's employment. The letter is attached hereto as Exhibit B.

7. The Union determined that there was little likelihood of success in taking the grievance to arbitration. Based on my experience the Union is not likely to prevail at arbitration when: (1) the grievant has violated a clearly established policy prohibiting physical violence in the workplace; (2) Plaintiff had a prior infraction of a similar nature; (3) there was a witness to Plaintiff's actions who would testify at arbitration on behalf of the Employer; and (4) there were no witnesses to testify on behalf of the Plaintiff.

8. Pursuant to the Union Constitution, I notified Plaintiff of his right to appeal the decision of the Union to not take the grievance to arbitration by requesting review of the Chapter Hearings and Appeals Board ("Chapter Board"), which consists of delegates from the member's chapter. The Chapter Board has the authority to determine whether the Union must take a grievance to arbitration. A copy of pertinent provisions of the Union Constitution are attached hereto

as Exhibit C.

9. Plaintiff chose to appeal the decision to the Chapter Board. I made a request for the Chapter Board to review the Union's decision to not take the grievance to arbitration.

10. I sent Plaintiff a letter dated December 30, 2004 giving him notice to appear before the Chapter Board on January 12, 2005. A copy of the letter is attached hereto as Exhibit D.

11. Plaintiff attended the Chapter Board hearing on January 12, 2005 and presented his case.

12. The Chapter Board affirmed the Union's decision to not proceed to arbitration determining there was little likelihood of success in taking the grievance to arbitration.

13. Pursuant to the Union Constitution, I notified Plaintiff of his right to appeal the decision of the Chapter Board before the Division Hearings and Appeals Board ("Division Board"), which consists of delegates from the member's geographic area. The Division Board has the final authority to determine whether the Union must take a grievance to arbitration.

14. Plaintiff chose to appeal the decision of the Chapter Board. I made a request for the Division Board to review the Chapter Board's decision to not take the grievance to arbitration.

15. I sent Plaintiff a letter dated May 26, 2005 giving him notice to appear before the Division Board on June 15, 2005. A copy of the letter is attached hereto as Exhibit E.

16. Plaintiff attended the Division Board hearing on June 15, 2005 and presented his case.

17. The final decision of the Union to not arbitrate the grievance of Plaintiff's termination was fully communicated to Plaintiff by letter dated June 16, 2005. This letter explained the decision of the Division Board and that the decision was final. A copy of the letter is at-

tached hereto as Exhibit F

18. After review by the Division Board, the Union Constitution provides for no further review

19. The Union provided Plaintiff full and fair representation and timely notified him of all internal processes and appeals available under the Union Constitution.


DATED:   October 12, 2007
         New York, New York

_____
AIDA L. MORALES

Sworn to before me this
12th day of October, 2007

_____
NOTARY PUBLIC

JAY JAFFE
Notary Public, State of New York
No. 02JA6104739
Qualified in Queens County
Commission Expires January 26, 2008