UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
WILLIAM FRIMPONG,

                                                  Plaintiff,    Case No. 07 CV 7375 (JGK)

            -against-

1199SEIU UNITED HEALTHCARE WORKERS EAST,    ECF CASE

                                                  Defendant.
----------------------------------------------------------------------X

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS THE COMPLAINT AND/OR FOR SUMMARY JUDGMENT**

                                                  **LEVY RATNER, P.C.**
                                                  Attorneys for Defendants
                                                  David Slutsky (DS-7364)
                                                  80 Eighth Avenue, 8th Floor
                                                  New York, New York 10011
                                                  (212) 627-8100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Case No. 07 CV 7375 (JGK)
WILLIAM FRIMPONG,
                                                 Plaintiff,                ECF CASE
              -against-

1199SEIU UNITED HEALTHCARE WORKERS EAST,

                                                 Defendant.
------------------------------------------------------------------------X

## REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
## TO DISMISS THE COMPLAINT AND/OR FOR SUMMARY JUDGMENT

      Plaintiff William Frimpong brought this action alleging that Defendant 1199SEIU United Healthcare Workers East ("1199SEIU" or "Union"), breached the duty of fair representation ("DFR") owed to him as a member of 1199SEIU. On October 15, 2007, Defendant 1199SEIU moved to dismiss the Complaint as time-barred, pursuant to Rule 12(b)(6), or, in the alternative, pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP"). Thereafter, Plaintiff served opposition papers to Defendant's motion to dismiss on November 13, 2007.

      Plaintiff's opposition papers fail to address the basis for the Union's motion to dismiss - i.e., (1) the claims are time barred by the applicable statute of limitations; and (2) the Union is not the proper party from whom to seek any alleged benefits owed. Rather, Plaintiff confirms that he knew well outside the six month statute of limitations period that the Union had decided not to pursue to arbitration a grievance concerning the termination of his employment by Bronx-Lebanon Hospital (Frimpong Aff. at 10.), and that any alleged failure to provide job assistance/job training had occurred. (Frimprong Aff. at 17.)

      In addition, Plaintiff does not dispute the facts in the Affidavit of Suzanne Metzger that the 1199SEIU/League Job Security Fund ("JSF") and the League/1199SEIU Training and Upgrading Fund ("TUF") are the entities which provide job training and job assistance benefits, and

that they are separate legal entities from the Union. Rather, Plaintiff merely claims ignorance of these facts.[1] However, Plaintiff's ignorance is not a material fact relevant to this Court's resolution of the Union's motion.

Thus, this Court must accept as true that: (1) Plaintiff was informed by letter dated June 16, 2005 that the grievance concerning Bronx-Lebanon Hospital's ("Hospital" or "Employer") termination of his employment would not proceed to arbitration, and that all internal appeals were exhausted; (2) the Complaint was filed twenty-five (25) months later on July 20, 2007; and (3) the TUF and the JSF are separate legal entities from the Union and are the entities responsible for any job training/job assistance benefits.

For all the foregoing reasons, as well as those set forth in the Union's moving papers, Defendant 1199SEIU respectfully requests that the Court dismiss Plaintiff's claims against the Union in their entirety together with costs, fees and any other relief that the Court deems just and proper.

Dated: November 15, 2007
       New York, New York

                                      LEVY RATNER, P.C.

                                          /s/
                             By:   David M. Slutsky (DS-7364)
                                  Attorneys for Union Defendants
                                  80 Eighth Avenue
                                  New York, New York 10011
                                  (212) 627-8100
                                  (212) 627-8182 (fax)

---

[1] Plaintiff also makes the bald assertion that the Union had an obligation to inform him of benefits available through the TUF and JSF and/or direct him to the appropriate office. Plaintiff offers no basis for this duty and provides no case support for the assertion that failure to direct him to the appropriate office constitutes a violation of the duty of fair representation. Finally, assuming arguendo that the Union did have some obligation with respect to notifying Plaintiff of available benefits, the last alleged contact the Plaintiff had with the Union was October 2004, which is well outside the statute of limitations period.

TO: Arlen S. Yalkut, Esq.
YALKUT & ISRAEL, ESQS.
Attorney for Plaintiff
Office & P.O. Address
865-B Walton Avenue
Bronx, NY 10451